**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____    Chapter  11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. **Debtor's Name** | CJ Holding Co. | |
| 2. **All other names debtor used in the last 8 years** | None | |
| Include any assumed names, trade names, and *doing business as* names | | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 47-2204586 | |

4. **Debtor's address**

**Principal place of business**

3990 Rogerdale Road
Number          Street

Houston, Texas 77042
City                          State      Zip Code

Harris County, Texas
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                          State      Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                          State      Zip Code

5. **Debtor's website** (URL)    http://www.cjenergy.com

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | CJ Holding Co. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2111 (Oil and Gas Extraction)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. | District _____ | When _____ MM/DD/YYYY | Case number _____ |
| | District _____ | When _____ MM/DD/YYYY | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No

☒ Yes. | Debtor **See Rider 1** | Relationship **Affiliate** |
| | District **Southern District of Texas** | When |
| | Case number, if known _____ | **7/20/2016** MM / DD / YYYY |

Debtor      **CJ Holding Co.**                                          Case number *(if known)* _____
            _____
            Name

---

| **11. Why is the case filed in *this* district?** | *Check all that apply:* |
|---|---|
| | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

|  |  |  |  |
|---|---|---|---|
| _____ | _____ | | |
| Number | Street | | |
| _____ | | _____ | _____ |
| City | | State | Zip Code |

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency  _____
         Contact name      _____
         Phone             _____

---

### Statistical and administrative information

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☒ | 200-999 | | | | |

---

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☒ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

Debtor      **CJ Holding Co.**                                                    Case number *(if known)* _____
            Name

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **7/20/2016**
                 MM/ DD / YYYY

✗  *Danielle Hunter*                                    Danielle Hunter
   Signature of authorized representative of debtor      Printed name

   Title   **General Counsel**

---

**18. Signature of attorney**

✗  *Stephen Thomas Schwarzbach Jr.*          Date   **7/20/2016**
   Signature of attorney for debtor                  MM/ DD/YYYY

   **Stephen Thomas Schwarzbach Jr.**
   Printed name

   **Kirkland & Ellis LLP**
   Firm name

   **600 Travis Street, Suite 3300**
   Number                Street

   **Houston**                                   **Texas**        **77002**
   City                                          State            ZIP Code

   **(713) 835-3600**                            steve.schwarzbach@kirkland.com
   Contact phone                                 Email address

   **24079288**                        **Texas**
   Bar number                          State

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
                    Southern District of Texas
                            (State)

Case number *(if known):* _____   Chapter ____11____

☐ Check if this is an
   amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

       On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of CJ Holding Co.

- CJ Holding Co.
- Blue Ribbon Technology Inc.
- C&J Corporate Services (Bermuda) Ltd.
- C&J Energy Services Ltd.
- C&J Energy Services, Inc.
- C&J Energy Production Services-Canada Ltd.
- C&J Spec-Rent Services, Inc.
- C&J VLC, LLC
- C&J Wells Services Inc.
- ESP Completion Technologies LLC
- KVS Transportation, Inc.
- Mobile Data Technologies Ltd.
- Tellus Oilfield Inc.
- Tiger Cased Hole Services Inc.
- Total E&S, Inc.

## PASSED RESOLUTION OF THE BOARD OF DIRECTORS OF C&J ENERGY SERVICES LTD.

July 20, 2016

Pursuant to the bye-laws (the "Bye-Laws") of C&J Energy Services Ltd. (the "Company"), the board of directors (the "Board") of the Company, after reviewing and considering certain materials presented by the management of the Company and the Company's financial and legal advisors at the July 18, 2016 meeting of the Board, acting in accordance with the Bye-Laws, held a meeting of the Board on July 20, 2016, and voted by majority of the Board to approve, adopt, and consent to the resolutions attached as Exhibit A hereto and the actions set forth therein with respect to the Company and its members.

*[Signature page follows]*

IN WITNESS WHEREOF, and in consideration of the resolution passing by majority vote at the July 20, 2016, a director of the Board has signed this resolution on the date first written above.

H.H. "Tripp" Wommack, III

**Exhibit A**

**Resolutions**

**VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF.**

WHEREAS, the Board has reviewed and considered certain materials presented by the management of the Company and the Company's financial and legal advisors; including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company;

RESOLVED, that in the judgment of the Board it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief (the "***Bankruptcy Petitions***") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "***Bankruptcy Code***") for the Company and each of the following subsidiaries: CJ Holding Co.; Blue Ribbon Technology Inc.; C&J Corporate Services (Bermuda) Ltd.; C&J Energy Production Services-Canada Ltd.; C&J Energy Services, Inc.; C&J Energy Services Ltd.; C&J Spec-Rent Services, Inc.; C&J VLC, LLC; C&J Well Services Inc.; ESP Completion Technologies LLC; KVS Transportation, Inc.; Mobile Data Technologies Ltd.; Tellus Oilfield Inc.; Tiger Cased Hole Services Inc.; and Total E&S, Inc., foreign ancillary proceedings for certain of the Company's foreign subsidiaries, including C&J Energy Product Services-Canada Ltd.and Mobile Data Technologies Ltd., in Canada pursuant to the Companies' Creditors Arrangement Act (Canada) R.S.C. 1985, c. C-36 (as amended, the "***CCAA***") as well as the Company and C&J Corporate Services (Bermuda) Ltd. in Bermuda pursuant to Bermuda insolvency law; and, in accordance with the requirements in the Company's governing documents and applicable law, hereby consent to, authorize and approve, the filing of the Bankruptcy Petitions and the foreign ancillary proceedings; and

RESOLVED FURTHER, that authorized persons and/or officers of the Company, and any persons to whom such authorized persons and/or officers delegate certain responsibilities (collectively, and each acting alone or with one or more other persons, the "***Authorized Persons***"), be, and hereby are, authorized to execute and file on behalf of the Company and the aforementioned subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary to maintain the ordinary course operations of the Company's or any such subsidiary's businesses.

**1.   RETENTION OF PROFESSIONALS.**

RESOLVED, that the Authorized Persons, be, and hereby are, authorized, empowered and directed to employ: (i) the law firm of Kirkland & Ellis LLP as co-bankruptcy counsel, (ii) the law firm of Loeb & Loeb LLP as co-bankruptcy counsel, (iii) the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP as special corporate and tax counsel, (iv) Evercore as financial advisor, (v) AlixPartners as restructuring advisor, (vi) Donlin, Recano & Company, Inc. as notice and claims agent, (vii) Ernst & Young Inc. as the proposed Information Officer for the Canadian proceedings, and (viii) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the applicable Bankruptcy Laws (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are authorized, empowered and directed, in accordance

with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

RESOLVED FURTHER, that the Authorized Persons, be, and hereby are, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons deem necessary, appropriate or desirable in accordance with these resolutions.

## 2.   DEBTOR-IN-POSSESSION FINANCING.

WHEREAS, the Board has reviewed and considered the materials presented by the Company's management team and the financial and legal advisors of the the Company, including the presentations regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business; and

WHEREAS, in the judgment of the Board, it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, to obtain the benefits from the incurrence of obligations contemplated in the Superpriority Secured Debtor-in-Possession Credit Agreement (the "***DIP Credit Agreement***") by and among C&J Energy Services Ltd., a Bermuda exempted company (the "***Company***") and CJ Holding Co., a Delaware corporation (the "***US Borrower***" and together with the Company, the "***Borrowers***"), the lenders party thereto (the "***DIP Lenders***"), and Cortland Capital Market Services LLC as administrative agent for the DIP Lenders and as collateral agent for the Secured Lenders (as defined in the DIP Credit Agreement), which DIP Credit Agreement (a) provides the Borrowers with a senior secured superpriority delayed draw term loan facility in an aggregate principal amount not to exceed $100,000,000 and (b) provides for the proceeds therefrom to be used for the purposes set forth therein, in substantially the form presented to the Board, and consummation of the transactions contemplated thereby, which, in the Board's judgment, are necessary and appropriate to the business of the Company.

RESOLVED, that the form, terms, and provisions of the DIP Credit Agreement, and the grant of security interests, the borrowings, any guaranties of indebtedness thereunder, and the transactions contemplated thereby, be, and hereby are, authorized, adopted, and approved, and any Authorized Person, acting alone or with one or more other Authorized Persons, be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, (i) to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Credit Agreement and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents in connection therewith (collectively with the DIP Credit Agreement, the "***Financing Documents***"), in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the Authorized Person executing the same shall approve, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof, and (ii) to incur and pay, or cause to be paid, all related fees and expenses, with such changes, additions, and modifications thereto as the Authorized Persons executing the same shall approve;

RESOLVED FURTHER, that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Credit Agreement (collectively, the "***Financing Transactions***"), including granting liens on its assets to secure such obligations;

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to

take such actions as in their discretion are determined to be necessary, desirable, or appropriate to execute, deliver, and file (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all petitions, schedules, lists, and other motions, papers, or documents, which shall in his/her judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be requested by the DIP Lenders or the Agent (as defined in the DIP Credit Agreement); and (iv) such forms of officer's certificates and compliance certificates (if any) as may be required by the Financing Documents;

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Lenders (or any administrative agent or collateral agent acting on behalf of such DIP Lenders) to file or record, any Uniform Commercial Code ("*UCC*") financing statements, and lien notations on certificate of title, any other equivalent filings, or any intellectual property filings, and any necessary assignments for security or other documents in the name of the Company that the DIP Lenders (or any administrative agent or collateral agent acting on behalf of such DIP Lenders) deem necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lenders (or any administrative agent or collateral agent acting on behalf of such DIP Lenders) may reasonably request to perfect the security interests of the DIP Lenders (or of the administrative agent or collateral agent, on behalf of such DIP Lenders) under the Financing Documents;

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, but not limited to, paying or approving the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Company or its co-borrower subsidiaries or affiliates in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in his/her judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions;

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any of the Financing Documents or to do such other things which shall in his/her judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof; and

RESOLVED FURTHER, that the Company is hereby authorized to authorize (and the Company hereby authorizes) any direct or indirect subsidiary of such Company of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in this written consent.

**3.  USE OF CASH COLLATERAL.**

WHEREAS, in the judgment of the Board, it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, to obtain the benefits from the use of cash collateral (as such term is defined in section 363(a) of the Bankruptcy Code), which is security for certain of the Company's secured lenders under that certain Credit Agreement, dated as of March 24, 2015, by and among the Company, and the guarantors party thereto, the lenders party thereto (the "***Prepetition Secured Lenders***"), and Bank of America N.A., as administrative agent;

RESOLVED, that the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "***Cash Collateral Order***"), and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the Cash Collateral Order, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Company's chapter 11 cases, which agreement(s) may require the Company to grant adequate protection and liens to the Company's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his/her judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof; and

RESOLVED FURTHER, that the Company is hereby authorized to authorize (the Company hereby authorizes) any subsidiary of such Company of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in this written consent.

## 4.   FURTHER ACTIONS AND PRIOR ACTIONS.

RESOLVED, that the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further action, and to execute, acknowledge, deliver, and file any and all such instruments and documents, and to pay such fees and expenses, as each, in his/her judgment, deem necessary, appropriate or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

RESOLVED FURTHER, that all acts and actions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts or actions would have been approved by the foregoing resolutions if such acts or actions had taken place after the execution of these resolutions, be, and hereby are, confirmed, approved and ratified as the acts or actions of the Company.

| Fill in this information to identify the case: |
|---|

Debtor name      CJ Holding Co., *et al.*

United States Bankruptcy Court for the:      Southern District of Texas

Case number *(If known)*: _____      (State)

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders      12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode[1] | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CAPGEMINI 400 BROADACRES DRIVE, SUITE 410 BLOOMFIELD, NJ  07003 | Name: Tel: 1 (973) 337-2700 Fax: 1 (973) 337-2701E Email: HTTPS://WWW.CAPGEMINI.COM/ | CONSULTING SERVICES | | | | $2,678,304.63 |
| 2 | UNIMIN CORPORATION 258 ELM STREET NEW CANNAN, CT  06840 | Name: Tel: 1 (203) 966-8880 Fax: 1 (203) 966-3453 Email: ALAMM@UNIMIN.COM | TRADE VENDOR | | | | $1,585,042.28 |
| 3 | GARDNER DENVER, INC. 222 E ERIE ST, STE 500 MILWAUKEE, WI  53202 | Name: Tel: 1 (414) 212-4700 Fax: (414) 212-4725 Email: HTTP://WWW.GARDNERDENVER.COM/ | TRADE VENDOR | | | | $1,229,057.31 |

---

[1]   Certain creditors that would otherwise have been included in this Top 30 List have been excluded because they may qualify as "insiders," as such term is defined in section 101(31) of the Bankruptcy Code, including the following:  (a) Nabors Corporate Services, approximately $30,000,000; (b) Ray Energy Solutions Pvt. Ltd, $1,873,384.67; (c) Robert Fielder, $1,670,886.73; (d) Daisy Fielder, $1,670,886.73; (e) Lance Fielder, $708,861.04; and (f) Pyote Water Systems III LLC, $277,901.70.

| Debtor | CJ Holding Co., _et al._ | Case Number (if known) | |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zipcode[1] | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | SAP AMERICA INC 3999 WEST CHESTER PIKE NEWTOWN SQUARE, PA  19073 | Name: Tel: (610) 661-1000 Fax: (610) 661-4016 Email: mary.hanss@sap.com | CONSULTING SERVICES | | | | $1,173,003.33 |
| 5 | CESI CHEMICAL A FLOTEK COMPANY 1004 PLAINSMAN RD. MARLOW, OK  73055 | Name: Tel: 1 (580) 658-6608 Fax: 1 (580) 658-3223 Email: cesi_orders@flotekind.com | TRADE VENDOR | | | | $994,005.77 |
| 6 | GEO DYNAMICS, INC. 10400 WEST INTERSTATE 20 MILLSAP, TX  76066 | Name: Tel: 1 (817) 341-5328 Fax: 1 (817) 210-6000 Email: JOAHNNA.LOW@PERF.COM | TRADE VENDOR | | | | $626,960.16 |
| 7 | GLOBAL TUBING, LLC 501 COUNTY ROAD 493 DAYTON, TX  77535-2139 | Name: Tel: 1 (713) 265-5000 Fax: 1 (713) 265-5099 Email: HTTP://WWW.GLOBAL-TUBING.COM/ | TRADE VENDOR | | | | $606,129.94 |
| 8 | SUCCESS FACTORS INC 1 TOWER PLACE, SUITE 1100 SOUTH SAN FRANCISCO, CA  94080 | Name: Tel: 1 (800) 845-0395 Fax: 1 (650) 645-2099 Email: HTTP://WWW.SUCCESSFACTORS.COM/ | CONSULTING SERVICES | | | | $591,718.34 |
| 9 | DIAL LUBRICANTS INC 1839 RYAN RD DALLAS, TX  75220 | Name: Tel: 1 (972) 501-0266 Fax: 1 (972) 501-0265 Email: LIZET@DIALLUBRICANTS.COM | TRADE VENDOR | | | | $536,952.09 |

Debtor     CJ Holding Co., *et al.*     Case Number (if known) _____
            Name

| | Name of creditor and complete mailing address, including zipcode[1] | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | MCGRIFF, SEIBELS, & WILLIAMS, INC. 2211 7TH AVENUE SOUTH BIRMINGHAM, AL 35233 | Name: Tel: 1 (205) 252-9871 Fax: 1 (205) 581-9293 Email: RDrew@mcgriff.com | INSURANCE BROKER | | | | $533,759.84 |
| 11 | FMC TECHNOLOGIES 2825 WEST WASHINGTON STEPHENVILLE, TX 76401 | Name: Tel: 1 (800) 772-8582 Fax: 1 (254) 968-5709 Email: InvestorRelations@fmcti.com | TRADE VENDOR | | | | $528,481.04 |
| 12 | OWEN OIL TOOLS INC 8900 FORUM WAY FORT WORTH, TX 76140 | Name: Tel: 1 (817) 551-0540 Fax: 1 (817) 551-0795 Email: www.corelab.com | TRADE VENDOR | | | | $485,972.30 |
| 13 | HOWARD SUPPLY COMPANY 13958 W FRONT ST. WILLISTON, ND 58801 | Name: Tel: 1 (701) 774-8361 Fax: 1 (701) 774-0101 Email: MHUGHES@HOWARD-SUPPLY.COM | TRADE VENDOR | | | | $478,723.81 |
| 14 | SPECIALTY WELDING & MACHINE 2225 W. ALCOCK PAMPA, TX 79065 | Name: Tel: 1 (877) 665-8747 Fax: 1 (806) 665-0358 Email: HTTP://WWW.SWMTX.COM/ | TRADE VENDOR | | | | $443,032.13 |
| 15 | NATIONAL OILWELL VARCO LP 16211 AIR CENTER BLVD HOUSTON, TX 77032 | Name: Tel: 1 (281) 209-8558 Fax: Email: www.nov.com | TRADE VENDOR | | | | $405,764.59 |

| Debtor | CJ Holding Co., _et al._ | Case Number (if known) | |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zipcode[1] | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | NATIVE OILFIELD SERVICES LLC DARCY STREET FT.WORTH, TX  76185 | Name: Tel: 1 (817) 783-3636 Fax: 1 (817) 783-3890 Email: SDURAN@NATIVEOILFIELD.COM | TRADE VENDOR | | | | $365,092.82 |
| 17 | SNF INC 1 CHEMICAL PLANT ROAD RICEBORO, GA 31323 | Name: Tel: (912).880.8071 Fax: (912) 880-8034 Email: marketing@snfhc.com | TRADE VENDOR | | | | $314,600.03 |
| 18 | Dustin Moore and Dirk Hien, individually and on behalf of all others similarly situated v. C&J Energy Services, Inc. and C&J Spec-Rent Services, Inc. Michael A. Josephson Fibich Leebron Copeland Briggs & Josephson 1150 Bissonnet Houston, Texas 77005 (713) 751-0025 and Rex J. Burch Bruckner Burch, PLLC 8 Greenway Plaza, Suite 1500 Houston, Texas 77046 (713) 877-8788 | Name: Tel: 1 (713) 751-0025 and 1 (713) 877-8788 Fax: Email: | LITIGATION | | | | $310,000.00 |
| 19 | AQUASERV, INC 61 KEEL AVENUE MEMPHIS, TN  38107 | Name: Tel: 1 (901) 359-5606 Fax: Email: HTTP://WWW.AQUASERVINC.COM | TRADE VENDOR | | | | $292,048.79 |
| 20 | GULF COAST REPAIR AND MACHINE SHOP, INC. 6802 LEOPARD STREET CORPUS CHRISTI, TX  78409 | Name: Tel: 1 (361) 289-1273 Fax: 1 (361) 289-0989 Email: GCM@GULFCOASTREPAIR.COM | TRADE VENDOR | | | | $272,506.00 |

Debtor ___CJ Holding Co., _et al._____     Case Number (if known) _____
                     Name

| | Name of creditor and complete mailing address, including zipcode[1] | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | TBC-BRINADD LLC 4800 SAN FELIPE ST. HOUSTON, TX 77056-3908 | Name: Tel: 1 (713) 775-4516 Fax: Email:  tbc-brinadd.com | TRADE VENDOR | | | | $261,502.49 |
| 22 | LAFARGE 1601 CHARITIES VALLEY LANE PITTSBURGH, PA  15205 | Name: Tel:  (724) 277-0112 Fax:  (724) 277-0112 Email: http://www.lafarge-na.com | TRADE VENDOR | | | | $261,060.86 |
| 23 | NATIONAL OILWELL VARCO LP 4554 KENNEDY COMMERCE DRIVE HOUSTON, TX  77032 | Name: Tel: 1 (562) 424-0751 Fax: (713) 375-3994 Email: DIANNA.BATISTE@NOV.COM | TRADE VENDOR | | | | $251,003.42 |
| 24 | HUNTING TITAN, INC. 11785 HWY 152 PAMPA, TX  79065 | Name: Tel: 1 (806) 665-3781 Fax: (806) 665-8882 Email: DOUG.CATES@HUNTING-INTL.COM | TRADE VENDOR | | | | $250,127.81 |
| 25 | ADP, INC. 1 ADP BOULEVARD ROSELAND, NJ 07068 | Name: Tel: 1 (866) 318-3888 Fax:: (916) 361-1268 Email: http://www.adp.com/solutions.aspx | PAYROLL SERVICES | | | | $236,819.20 |
| 26 | BRADY TRUCKING INC 5130 S 5400 E VERNAL, UT  84078 | Name: Tel: 1 (435) 781-1569 Fax: 1 (435) 781-8201 Email: L.WHITE@BRADYTRUCKINGINC.COM | TRADE VENDOR | | | | $228,543.00 |

Debtor     CJ Holding Co., *et al.* _____     Case Number (if known) _____
               Name

| | Name of creditor and complete mailing address, including zipcode[1] | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | C.W. INDUSTRIES INC<br>1735 SANTA FE AVENUE<br>LONG BEACH, CA  90813 | Name:<br>Tel: 1 (562) 432-5421<br>Fax: 1 (562) 495-1908<br>Email: www.cwindustries.us | TRADE VENDOR | | | | $208,258.27 |
| 28 | FRENCH ELLISON TRUCK CENTER LLC<br>9010 IH-10<br>EAST CONVERSE, TX  78109 | Name:<br>Tel: 1 (800) 455-9177<br>Fax: (210) 338-8915<br>Email:<br>HTTPS://WWW.CSMTRUCK.COM/COMPANIES/FRENCH-ELLISON-TRUCK-CENTER/ | TRADE VENDOR | | | | $206,681.33 |
| 29 | 1ST CHOICE ENERGY SERVICES<br>364 LISBON ST.<br>CANFIELD, OH  44406-0369 | Name:<br>Tel: 1 (800) 772-7707<br>Fax: (330) 533-7868<br>Email: RKLEMM@AGLAND.COOP | UTILITY VENDOR | | | | $206,608.49 |
| 30 | STEWART & STEVENSON MANUFACTURING TECHNOLOGIES LLC<br>10750 TELGE ROAD<br>HOUSTON, TX  77095 | Name:  1 (281) 345-5101<br>Tel:<br>Fax:<br>Email:  m.hengst@ssss.com | TRADE VENDOR | Unliquidated Disputed | | | Unliquidated |

Fill in this information to identify the case and this filing:

Debtor Name       CJ Holding Co., *et al.*

United States Bankruptcy Court for the:          Southern District of  Texas
                                                               (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐   Other document that requires a declaration_____

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on                                   ☒ *Danielle Hunter*

**7/20/2016**
MM/ DD/YYYY                                Signature of individual signing on behalf of debtor

                                             **Danielle Hunter**
                                             Printed name

                                             **General Counsel**
                                             Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CJ HOLDING CO., | § § | Case No. 16-_____ (____) |
| Debtor. | § § § | |

## LIST OF EQUITY SECURITY HOLDERS[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| CJ Holding Co. | Penny Global Holdings S.a.r.l. | 3990 Rogerdale Road Houston, Texas 77042 | 100% |

---

[2]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.   All equity positions listed are as of the date of commencement of the chapter 11 case.

Fill in this information to identify the case and this filing:

Debtor Name        CJ Holding Co.

United States Bankruptcy Court for the:        Southern District of Texas
                                            (State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____ List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **7/20/2016** | ☒ *Danielle Hunter* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Danielle Hunter** |
| | Printed name |
| | **General Counsel** |
| | Position or relationship to debtor |

Official Form 202      **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | § |
|  | §    Chapter 11 |
|  | § |
| CJ HOLDING CO., | §    Case No. 16-_____ (____) |
|  | § |
|            Debtor. | § |
|  | § |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Penny Global Holdings S.a.r.l. | 100% |

Fill in this information to identify the case and this filing:

Debtor Name          CJ Holding Co.

United States Bankruptcy Court for the:                    Southern District of Texas
                                                                                       (State)
Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____          Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

☒ *Danielle Hunter*

__7/20/2016__                                          _____
MM/ DD/YYYY                                       Signature of individual signing on behalf of debtor

                                                              **Danielle Hunter**
                                                              Printed name

                                                              **General Counsel**
                                                              Position or relationship to debtor

**Official Form 202**              **Declaration Under Penalty of Perjury for Non-Individual Debtors**