**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| CJ HOLDING CO., *et al.*,[1] | § | Case No. 16-33590 (DRJ) |
|  | § |  |
| Debtors. | § | (Joint Administration Requested) |
|  | § | (Emergency Hearing Requested) |

**EMERGENCY MOTION OF CJ HOLDING CO., *ET AL.*,**
**FOR ENTRY OF AN ORDER (I) AUTHORIZING THE**
**DEBTORS TO FILE A CONSOLIDATED LIST OF CREDITORS AND A**
**CONSOLIDATED LIST OF THE 30 LARGEST UNSECURED CREDITORS,**
**(II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONAL**
**IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS, AND**
**(III) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE**
**COMMENCEMENT OF THE CHAPTER 11 CASES AND OTHER INFORMATION**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER FOR <u>JULY 21, 2016 AT 2:00 PM (CT)</u> BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: CJ Holding Co. (4586); Blue Ribbon Technology Inc. (6338); C&J Corporate Services (Bermuda) Ltd.; C&J Energy Production Services-Canada Ltd.; C&J Energy Services, Inc. (3219); C&J Energy Services Ltd.; C&J Spec-Rent Services, Inc. (0712); C&J VLC, LLC (9989); C&J Well Services Inc. (5684); ESP Completion Technologies LLC (4615); KVS Transportation, Inc. (2415); Mobile Data Technologies Ltd.; Tellus Oilfield Inc. (2657); Tiger Cased Hole Services Inc. (7783); and Total E&S, Inc. (5351). The location of the Debtors' service address is 3990 Rogerdale, Houston, Texas 77042.

KE 42235933

CJ Holding Co. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to file a consolidated creditor matrix and list of the 30 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor, (b) authorizing the Debtors to redact certain personal identification information for individual creditors, and (c) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(b), and 521 of title of the United States Code (the "Bankruptcy Code"), rules 1007 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy

---

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Mark Cashiola in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on July 20, 2016 (the "Petition Date"). Capitalized terms used, but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

2

Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Local Rules</u>").

**I.     Consolidated Creditor Matrix.**

5.     Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H . . . ." Fed. R. Bankr. P. 1007(a)(1). Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[3] Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, administratively burdensome, and of little incremental benefit. Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "<u>Creditor Matrix</u>") for all of the Debtors. The Debtors propose to file the matrix on the main case docket instead of uploading a text file to avoid duplicate notice.

**II.    Consolidated List of 30 Largest General Unsecured Creditors.**

6.     Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders . . . ." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "<u>Top 30 List</u>"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service. Although they reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to file

---

[3]   *See General Order in the Matter of Procedures for Complex Chapter 11 Cases*, Exhibit G, available at http://www.txs.uscourts.gov/sites/txs/files/tx_ch11_comp_rules.pdf.

3

consolidated schedules of assets and liabilities and statements of financial affairs or substantively consolidate the Debtors.[4]

### III. Redaction of Certain Confidential Information.

7. Section 107(b) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A). The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are the Debtors' employees—and interest holders from the Creditor Matrix because such information could be used to perpetrate identity theft. The Debtors propose to provide an un-redacted version of the Creditor Matrix to the Court, the U.S. Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases.

### IV. Service of the Notice of Commencement.

8. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code . . . ." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. Fed. R. Bankr. P. 2002(f).

9. Through the Debtors' noticing and balloting agent (the "Noticing and Balloting Agent"), the Debtors propose to serve the Notice of Commencement, substantially in the form

---

[4] Pursuant to the *Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (II) Waiving the Requirements to File a List of and Provide Notices Directly to Equity Security Holders*, filed contemporaneously herewith, the Debtors are requesting an extension of the time within which they must file their respective schedules and statements.

4

attached as **Exhibit 1** to **Exhibit A** hereto (the "Notice of Commencement"), on all parties entitled to notice of commencement of the Cases to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the single Notice of Commencement will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous creditor matrix. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

## Emergency Consideration

10. The Debtors respectfully request emergency consideration of this Motion in accordance with Bankruptcy Local Rule 9013-1(i). The Debtors believe that the relief requested herein is critical to an immediate and orderly transition into chapter 11 that will preserve the value of the Debtors' estates and maintain the viability of the Debtors' operations. The failure to receive the relief requested in this Motion on an emergency basis would place an undue burden on the administration of the other relief requested by the Debtors on an emergency basis contemporaneously herewith. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

11. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk & Wardwell LLP and Diamond McCarthy LLP as counsel to Cortland Capital Market Services LLC as administrative agent under the Debtors' secured credit agreement and agent for the proposed debtor-in-possession financing facility; (d) Nabors Industries Ltd. and counsel thereto; (e) the United

States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the Environmental Protection Agency; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the Securities and Exchange Commission; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.

### **No Prior Request**

12. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: July 20, 2016  /s/ *Stephen Thomas Schwarzbach Jr.*
Stephen Thomas Schwarzbach Jr. (Texas Bar No. 24079288)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
600 Travis Street
Suite 3300
Houston, Texas 77002
Telephone:   (713) 835-3600
Facsimile:   (713) 835-3601
Email:   steve.schwarzbach@kirkland.com

 - and -

James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C. (*pro hac vice* admission pending)
Chad J. Husnick (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
          marc.kieselstein@kirkland.com
          chad.husnick@kirkland.com
          emily.geier@kirkland.com

 - and -

Bernard Given II (Texas Bar No. 07990180)
Lance Jurich (*pro hac vice* admission pending)
**LOEB & LOEB LLP**
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, California 90067
Telephone:   (310) 282-2000
Facsimile:   (310) 282-2200
Email:   bgiven@loeb.com
          ljurich@loeb.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

    I certify that on July 20, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

    /s/ *Stephen Thomas Schwarzbach Jr.*
    One of Counsel