United States Bankruptcy Court Southern - Texas

ENTERED
07/21/2016

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| CJ HOLDING CO., *et al.*,[1] | § | Case No. 16-33590 (DRJ) |
| Debtors. | § | (Jointly Administered) |
| | § | **Re: Docket No. 15** |

# ORDER AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS

(Docket No. 15)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to (a) pay prepetition wages, salaries, other compensation, reimbursable expenses, and director obligations and (b) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: CJ Holding Co. (4586); Blue Ribbon Technology Inc. (6338); C&J Corporate Services (Bermuda) Ltd.; C&J Energy Production Services-Canada Ltd.; C&J Energy Services, Inc. (3219); C&J Energy Services Ltd.; C&J Spec-Rent Services, Inc. (0712); C&J VLC, LLC (9989); C&J Well Services Inc. (5684); ESP Completion Technologies LLC (4615); KVS Transportation, Inc. (2415); Mobile Data Technologies Ltd.; Tellus Oilfield Inc. (2657); Tiger Cased Hole Services Inc. (7783); and Total E&S, Inc. (5351). The location of the Debtors' service address is 3990 Rogerdale, Houston, Texas 77042.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to continue and/or modify, change, and discontinue the Employee Compensation and Benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law; provided that, the Debtors shall not honor any Employee Compensation and Benefits obligations that exceed the priority amounts set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code; provided, however, that the Debtors are authorized to pay the Foreign National Employee Obligations in amounts not to exceed $120,000, to the extent such Foreign National Employee Obligations are subject to the $12,850 priority cap. For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Order should be construed as authorizing any payments on account of the Employee Compensation and Benefits that are outside the ordinary course of business without prior Court approval. Nothing herein shall be deemed to authorize the payment of any amounts which violates or implicates section 503(c) of the Bankruptcy Code, provided that nothing herein shall

prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

3. The Debtors are authorized in their discretion, to pay and honor prepetition amounts related to the Employee Compensation and Benefits programs, including up to $2,000 on account of the Employee Referral Stipend, and up to $68,750 on account of the SAP Launch Program; provided that, the Debtors shall not honor any prepetition amounts related to the Severance Programs pursuant to this Order in excess of the $12,850 cap; provided, further, that the Debtors shall not pay any individual Employee in excess of $12,850, the amount entitled to priority under (i) 11 U.S.C. § 507(a)(4) for wages, salaries, or commissions, including vacation, severance, and sick leave pay earned within 180 days before the Petition Date, and (ii) under 11 U.S.C. § 507(a)(5) for contributions to an employee benefit plan for services rendered within 180 days before the Petition Date, subject to the exception for Foreign National Employee Obligations provided in paragraph 2 of this Order.

4. The Debtors are authorized to continue the Wells Cards subject to the terms and conditions thereof, including maintaining a collective minimum $1,000,000 balance in the C&J Spec-Rent Account, in as much as Wells Fargo has and shall continue to have a valid perfected, non-avoidable first-priority lien on the funds in the C&J Spec-Rent account to secure the Wells Fargo Obligations. Such lien shall not be primed by any lien granted to any postpetition lender or other person. To satisfy the requirement that Wells Fargo continue to have a valid and perfected, non-avoidable first-priority lien on the funds in the C&J Spec-Rent Account, the Debtors are authorized to grant Wells Fargo a priming lien and security interest pursuant to Section 364(d)(1) of the Bankruptcy Code with respect to any cash collateral necessary to

maintain the collective minimum balance of $1,000,000 in the C&J Spec-Rent Account and to discharge the Wells Fargo Obligations.

5. The Debtors are authorized to continue the WEX Cards subject to the terms and conditions thereof, including maintaining a minimum $200,000 deposit in the WEX Deposit Account, in as much as WEX has and shall continue to have a valid perfected, non-avoidable first priority lien. To satisfy the requirement that WEX continue to have a valid and perfected, non-avoidable first-priority lien on the WEX Deposit Account, the Debtors are authorized to grant WEX a priming lien and security interest pursuant to Section 364(d)(1) of the Bankruptcy Code with respect to any cash collateral necessary to maintain the $200,000 deposit in the WEX Deposit Account.

6. The Debtors are authorized to continue the Comdata Cards subject to the terms and conditions thereof, including maintaining a minimum $200,000 deposit in the Comdata Deposit Account, in as much as Comdata has and shall continue to have a valid perfected, non-avoidable first priority lien. To satisfy the requirement that Comdata continue to have a valid and perfected, non-avoidable first-priority lien on the Comdata Deposit Account, the Debtors are authorized to grant Comdata a priming lien and security interest pursuant to Section 364(d)(1) of the Bankruptcy Code with respect to any cash collateral necessary to maintain the $200,000 deposit in the Comdata Deposit Account.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under

section 365 of the Bankruptcy Code; (d) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (e) a waiver of any claims or causes of action which may exist against any entity.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

9. The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules for the Southern District of Texas are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the

Debtors under any order of this Court approving the debtor in possession financing facility and use of cash collateral (the "DIP Order") and any budget in connection therewith then in effect. In the event of any inconsistency between the terms of this Order and the DIP Order, the terms of the DIP Order shall govern.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: July 21, 2016
Houston, Texas

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE



KE 42478093.3