**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CJ HOLDING CO., *et al.*,[1] | § | Case No. 16-33590 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**NOTICE OF FILING SECOND AMENDMENT TO THE PLAN SUPPLEMENT TO**
**SECOND AMENDED JOINT PLAN OF REORGANIZATION**
**(AS MODIFIED) OF CJ HOLDING CO., ET AL. PURSUANT TO**
**CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT** on November 5, 2016, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. 720] (the "Disclosure Statement Order"):  (a) authorizing CJ Holding Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Second Amended Joint Plan of Reorganization of CJ Holding Co., et al. Pursuant to Chapter 11 of the Bankruptcy Code*; (b) approving the *Disclosure Statement Relating to the Second Amended Joint Plan of Reorganization of CJ Holding Co., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** on December 3, 2016, the Debtors filed the *Plan Supplement* [Docket No. 911] (the "Initial Plan Supplement");

**PLEASE TAKE FURTHER NOTICE THAT** on December 15, 2016, the Debtors filed the *Second Amended Joint Plan of Reorganization (as Modified) of CJ Holding Company,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1045] (as modified, amended, or supplemented from time to time, the "Plan");[2].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: CJ Holding Co. (4586); Blue Ribbon Technology Inc. (6338); C&J Corporate Services (Bermuda) Ltd.; C&J Energy Production Services-Canada Ltd.; C&J Energy Services, Inc. (3219); C&J Energy Services Ltd.; C&J Spec-Rent Services, Inc. (0712); C&J VLC, LLC (9989); C&J Well Services Inc. (5684); ESP Completion Technologies LLC (4615); KVS Transportation, Inc. (2415); Mobile Data Technologies Ltd.; Tellus Oilfield Inc. (2657); Tiger Cased Hole Services Inc. (7783); and Total E&S, Inc. (5351).  The location of the Debtors' service address is 3990 Rogerdale, Houston, Texas 77042.

[2] Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

12392636.3
226681-10002

**PLEASE TAKE FURTHER NOTICE THAT** on December 15, 2016, the Debtors filed the *First Amended Plan Supplement* [Docket No. 1052] (the "First Amended Plan Supplement");

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed an amended *Assumed Executory Contract and Unexpired Lease List* [Docket No. 1052] (the "First Amended Assumption Schedule") with the Court as Exhibit D to the First Amended Plan Supplement.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed an amended *Rejected Executory Contract and Unexpired Lease List* [Docket No. 1052] (the "First Amended Rejection Schedule") with the Court as Exhibit C to the First Amended Plan Supplement.

**PLEASE TAKE FURTHER NOTICE THAT** on December 16, 2016, the Court entered the *Order Confirming the Second Amended Joint Plan of Reorganization (as Modified) of CJ Holding Company,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1057] (the "Confirmation Order").

**PLEASE TAKE FURTHER NOTICE THAT** as part of the Plan, the Debtors or the Reorganized Debtors, as applicable, reserved the right to alter, amend, modify, or supplement the First Amended Assumption Schedule and the First Amended Rejection Schedule at any time through and including 45 days after the Effective Date.

**PLEASE TAKE FURTHER NOTICE THAT** the Effective Date of the Plan occurred on January 6, 2017, at which time the Debtors were reorganized (the "Reorganized Debtors").

**PLEASE TAKE FURTHER NOTICE THAT** the Reorganized Debtors hereby submit this second amendment to the plan supplement (this "Second Amended Plan Supplement") in support of, and in accordance with the Plan, so as to amend the First Amended Assumption Schedule (such amended schedule, the "Second Amended Assumption Schedule") and the First Amended Rejection Schedule (such amended schedule, the "Second Amended Rejection Schedule").[3]

**PLEASE TAKE FURTHER NOTICE THAT** the Second Amended Rejection Schedule is attached hereto and is made part of the Second Amended Plan Supplement as **Exhibit C**. **Parties to Executory Contracts and Unexpired Leases are urged to carefully review Exhibit C in its entirety.**

---

[3]   Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Second Amended Assumption Schedule or the Second Amended Rejection Schedule, nor anything contained in the Plan, each Debtor's schedule of assets and liabilities, or this notice shall constitute an admission by the Debtors or Reorganized Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Reorganized Debtor has any liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the Reorganized Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

2

**PLEASE TAKE FURTHER NOTICE THAT** a comparison showing changes to the First Amended Rejection Schedule is attached hereto and is made part of the Second Amended Plan Supplement as **Exhibit C-1**.  **Parties to Executory Contracts and Unexpired Leases are urged to carefully review Exhibit C-1 in its entirety.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing proofs of claim on account of Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be Filed with the Bankruptcy Court within thirty (30) days after service of notice of a rejection that occurs after the Effective Date (a "Rejection Notice").  Only parties to Executory Contracts and Unexpired Leases that have been added to the Second Amended Rejection Schedule, as reflected on **Exhibit C-1**, are being served with Rejection Notices and being provided an opportunity to File a proof of claim on account of such rejection.  **Any such Claims not Filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Reorganized Debtors, their Estates, or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order, or approval of the Bankruptcy Court.**

**PLEASE TAKE FURTHER NOTICE THAT** the Second Amended Assumption Schedule is attached hereto and is made part of the Second Amended Plan Supplement as **Exhibit D**.  **Parties to Executory Contracts and Unexpired Leases are urged to carefully review Exhibit D in its entirety.**

**PLEASE TAKE FURTHER NOTICE THAT** a comparison showing changes to the First Amended Assumption Schedule is attached hereto and is made part of the Second Amended Plan Supplement as **Exhibit D-1**.  **Parties to Executory Contracts and Unexpired Leases are urged to carefully review Exhibit D-1 in its entirety.**

**PLEASE TAKE FURTHER NOTICE** that the Reorganized Debtors are proposing to assume those Executory Contract(s) and Unexpired Lease(s) (a) that were not previously assumed pursuant to the First Amended Assumption Schedule and that have been added to the Second Assumption Schedule or (b) whose cure amount has changed from the cure amount set forth on the First Amended Assumption Schedule (collectively, the parties to such Executory Contract and Unexpired Leases, the "New Assumption Parties"), as reflected on **Exhibit D-1**.

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases relating to the New Assumption Parties at the time of assumption.  The amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s) of the New Assumption Parties is set forth on the Second Amended Assumption Schedule.  Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Reorganized Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) of the New Assumption Parties identified on the Second Amended Assumption Schedule will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by

12392636.3
226681-10002

the Reorganized Debtors in Cash on or about March 22, 2017, or as soon as reasonably practicable thereafter.  In the event of a dispute with any New Assumption Party, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption, or upon agreement by the parties.  If an objection to the proposed assumption or related cure amount filed by a New Assumption Party is sustained by the Court, however, the Reorganized Debtors may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for any New Assumption Party (a) whose cure amount has been reduced from the one set forth in the First Assumption Notice or (b) who has been added to the Second Assumption Schedule to file objections to any assumption of an Executory Contract or Unexpired Lease, including any cure amount that has been reduced to object (an "Assumption Objection"), is **March 16, 2017, at 4:00 p.m.** prevailing Central Time (the "Assumption Objection Deadline").  Any such Assumption Objection *must*: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection; and (d) be Filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be *actually received* on or before the Assumption Objection Deadline by:

| *Co-Counsel to the Reorganized Debtors* | |
|---|---|
| Stephen Thomas Schwarzbach Jr.<br>(Texas Bar No. 24079288)<br>**KIRKLAND & ELLIS LLP**<br>600 Travis Street, Suite 3300<br>Houston, Texas 77002<br><br>-and-<br><br>James H.M. Sprayregen, P.C.<br>Marc Kieselstein, P.C.<br>Chad J. Husnick<br>Emily E. Geier<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654 | Bernard Given II<br>(Texas Bar No. 07990180)<br>Lance N. Jurich<br>**LOEB & LOEB LLP**<br>10100 Santa Monica Boulevard<br>Suite 2200<br>Los Angeles, California 90067 |
| *U.S. Trustee* | |
| Hector Duran<br>Office of the United States Trustee for the Southern District of Texas<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002 | |

4

| *Counsel to the Supporting Creditors* |
|:---:|
| Timothy Graulich<br>Damian Schaible<br>Steven Z. Szanzer<br>**DAVIS POLK & WARDWELL LLP**<br>450 Lexington Avenue<br>New York, New York 10017 |

| *Counsel to the Unsecured Claims Representative* |
|:---:|
| Shari L. Heyen<br>David R. Eastlake<br>**GREENBERG TRAURIG LLP**<br>1000 Louisiana, Suite 1700<br>Houston, Texas 77002<br><br>-and-<br><br>David B. Kurzweil<br>**GREENBERG TRAURIG LLP**<br>3333 Piedmont Road, NE, Suite 2500<br>Atlanta, Georgia 30305 |

**PLEASE TAKE FURTHER NOTICE THAT** a hearing on all outstanding Assumption Objections will be heard at the omnibus hearing scheduled for **March 21, 2017, at 10:00 a.m.** prevailing Central Time, or another hearing that is convenient to the Court and the parties.

> **PLEASE TAKE FURTHER NOTICE THAT any New Assumption Party that fails to object timely to the proposed assumption or cure amount will be deemed to have assented to such assumption and cure amount.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE OF THE DEBTORS OR REORGANIZED DEBTORS ASSUME SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, the First Amended Plan Supplement, the

5

12392636.3<br>226681-10002

Second Amended Plan Supplement, the Confirmation Order or related documents, you should contact Donlin, Recano & Company, Inc., the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent"), by:  (a) calling the Debtors' restructuring hotline at 866-296-8019 (toll free) or 212-771-1128 (international); (b) visiting the Debtors' restructuring website at:  https://donlinrecano.com/cjenergy; (c) writing to the Notice and Claims Agent, Attn:  CJ Holding Co. Ballot Processing, c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, New York 11219; and/or (d) emailing Balloting@DonlinRecano.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov.

12392636.3
226681-10002

Dated:  February 17, 2017

*/s/ Bernard R. Given II*

Bernard R. Given II (Texas Bar No. 07990180)
Lance N. Jurich (admitted *pro hac vice*)
Vadim J. Rubinstein
**LOEB & LOEB LLP**
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, California 90067
Telephone:     (310) 282-2000
Facsimile:      (310) 282-2200
Email:            bgiven@loeb.com
                      ljurich@loeb.com
                      vrubinstein@loeb.com

-and-

Stephen Thomas Schwarzbach Jr. (Texas Bar No. 24079288)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
600 Travis Street
Suite 3300
Houston, Texas 77002
Telephone:     (713) 835-3600
Facsimile:      (713) 835-3601
Email:            steve.schwarzbach@kirkland.com

- and -

James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            james.sprayregen@kirkland.com
                      marc.kieselstein@kirkland.com
                      chad.husnick@kirkland.com
                      emily.geier@kirkland.com

*Co-Counsel to the Reorganizes Debtors*

12392636.3
226681-10002

**<u>Certificate of Service</u>**

I hereby certify that on February 17, 2017, a true and correct copy of the above and foregoing **Notice** was caused to be served electronically on the parties registered to receive notice through the Court's ECF noticing system and was served on the notice parties identified in the Compensation Order via electronic mail.

By: <u>    /s/ *Bernard R. Given, II*    </u>
Bernard R. Given, II

11074226.6
226681-10002